UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Antonio Perez, | Case No.: 2:20-cv-00554-APG-EJY |
| Petitioner, | |
| v. | **ORDER** |
| Gabriela Najera, *et al*., | [ECF Nos. 24, 27] |
| Respondent. | |

The respondents move to dismiss Antonio Perez's amended habeas petition, arguing that his claims are either conclusory, procedurally defaulted, or barred by *Tollett v. Henderson*. ECF No. 24.  For reasons explained below, I grant the motion.

**Background**

In June 2018, Perez pleaded guilty to one count of battery with the use of a deadly weapon resulting in substantial bodily harm, one count of first-degree arson, and a misdemeanor count of battery constituting domestic violence. ECF Nos. 25-24 and 25-25.  Under the plea agreement, the State retained the right to argue the sentence for the first two counts and stipulated that Perez was to be sentenced to credit for time served for the third. *Id*.  After a two-day hearing, the court sentenced Perez to a term of six-to-fifteen years for counts one and two with the sentences to run consecutively. ECF Nos. 25-28 and 25-29.  The judgment of conviction was entered in August 2018. ECF No. 25-31.

Perez filed a notice of appeal from the judgment. ECF No. 25-32.  The Supreme Court of Nevada dismissed the appeal as untimely. ECF No. 25-27.  In January 2019, Perez filed a pro se

habeas petition in the state district court. ECF No. 25-41. That court denied relief based Nevada Revised Statutes § 34.810(1)(a), which requires dismissal when the conviction arises from a guilty plea and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel. ECF No. 25-49. Perez appealed. No. 25-45. In affirming the lower court's decision, the Nevada Court of Appeals concluded that Perez was not entitled to relief on ineffective assistance of counsel (IAC) claims he had presented below because he had not supported the claims with specific factual allegations that would entitle him to relief. ECF No. 26-9. The court also noted that Perez had raised various additional IAC claims in his appellate brief that were not included in his habeas petition. *Id*. The court declined to hear those claims for the first time on appeal. *Id*.

In March 2020, Perez mailed or handed his federal habeas petition to a correctional officer for the purpose of mailing. ECF No. 7. In June 2020, he filed a second state habeas petition. ECF No. 26-11. The following month, I granted Perez' motion to stay the federal proceeding until the state proceeding concluded. ECF No. 14.

The state district court held a hearing on the second petition and, in December 2020, issued its findings of fact, conclusions of law, and order denying relief. ECF No. 26-15. The state district court found that the petition was procedurally barred and that Perez failed to demonstrate good cause to overcome those bars. *Id*. The court also addressed Perez's IAC claims on the merits. *Id*. Perez appealed. ECF No. 26-17. The Nevada Court of Appeals also concluded that the petition was procedurally barred and that Perez failed to demonstrate good cause to overcome the bars. ECF No. 26-25. The court did not address the merits of Perez's claims. *Id*.

In September 2022, I granted Perez's motion to reopen this case. ECF No. 17. In October 2022, he filed a second-amended petition, which is the subject of the respondents' motion to dismiss.

**Discussion**

1. Pleading sufficiency

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A "petitioner is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979). The court must "construe pro se habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). However, the court cannot grant relief based on conclusory allegations that are not supported by specific facts. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In Ground 1, Perez alleges a violation of his right to due process under the Fourteenth Amendment and his right to effective assistance of counsel under the Sixth Amendment. The respondents argue that for each of his subclaims under Grounds 1 (identified as A through H), Perez fails to explain which right under the Due Process Clause he believes was violated. Accordingly, they argue Perez's "due process claims" must be dismissed as conclusory.

In my view, Perez is merely referencing the fact that the Sixth Amendment's right to effective counsel is one of the fundamental rights to a fair trial that "is made obligatory upon the States by the Fourteenth Amendment." *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). As a

technical matter, a state prisoner seeking habeas relief based on the performance of his counsel is alleging a violation of both constitutional provisions. *See*, *e.g.*, *Lafler v. Cooper*, 566 U.S. 156, 160 (2012) ("The instant case comes to the Court with the concession that counsel's advice … fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment."). Thus, there are no independent due process claims for me to dismiss.

The respondents contend that the IAC claims under Grounds 1(A-H) must be dismissed because Perez does not explain how trial counsel's alleged deficiencies caused him prejudice. In *Hill v. Lockhart*, the Court established that the holding in *Strickland v. Washington*, 466 U.S. 668 (1984),[1] applies to challenges to guilty pleas based on ineffective assistance of counsel, and that the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. 52, 58-59 (1985). Thus, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. The Court in *Hill* affirmed the district court's denial of habeas relief "[b]ecause petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test." Id. at 60.

At the time of his guilty plea agreement, Perez's indictment included a charge of attempted murder with use of a deadly weapon. ECF No. 25-15. The State dropping that charge in exchange for Perez's guilty plea to the misdemeanor domestic violence charge with credit for

---

[1] Under *Strickland*, a defendant alleging ineffective assistance of counsel must show (1) "that counsel's performance was deficient," meaning that "counsel's representation fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense," meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 688.

time served.  With his IAC claims under Grounds 1(A-C and G-H), Perez faults counsel for various failures committed prior to the entry of his plea, but he makes no allegation that, but for counsel's failures, he would have insisted on going to trial on the attempted murder with use of a deadly weapon charge, in addition to the felony battery and first-degree arson charges.

With Ground 1(D-F), Perez alleges that trial counsel failed to inform him of his right to a direct appeal or file a notice of appeal on his behalf, which resulted in Perez waiving his "rights to address the fact that the district court failed to have a psychologist examine [him] about his state of mind at the time of the incident and whether or not [he] understood the charges against him."[2] ECF No. 18 at 6.  IAC claims premised on counsel's failure to file a notice of appeal are governed by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  "With regard to prejudice, *Flores-Ortega* held that, to succeed in an ineffective-assistance claim in this context, a defendant need make only one showing: 'that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484).  Perez makes no allegations to this effect.  I also note that Perez does not allege that his counsel had reason to think that a rational defendant in Perez's position would want to appeal or that Perez demonstrated to counsel that he was interested in appealing. *See Flores-Ortega*, 528 U.S. at 480.

If the respondents' motion to dismiss was based only on the foregoing pleading defects, I would be inclined to give Perez an opportunity to amend his petition to correct the defects.  As discussed below, however, Perez's claims must be dismissed for other reasons.  Thus,

---

[2] While Perez refers to counsel as "appellant counsel" in pleading this claim in his amended petition, he must mean trial counsel given that his trial counsel is the only counsel appearing in the record and he refers to "trial counsel" in pleading the same claim in his initial petition (ECF No. 7 at 7). *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding a pro se pleading "to less stringent standards than formal pleadings drafted by lawyers").

5

amendment of the petition is futile. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.")

2. Procedural default

A federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id*. at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), *cert. denied*, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

The respondents argue that Grounds 1(B-H) are barred by the procedural default doctrine because the Nevada Court of Appeals determined that the claims were barred as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. Perez does not dispute respondents' argument. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) ("Once the

state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."). In addition, he does not argue that he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Thus, Perez is procedurally barred from pursuing federal habeas relief for Claims 1(B-H).

### 3. *Tollett v. Henderson*

In *Tollett v. Henderson*, the Supreme Court of the United States held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id*. An exception to this general rule is "that a habeas petitioner may 'attack the voluntary and intelligent character of the guilty plea' based on pre-plea ineffective assistance of counsel 'by showing that the advice he received from counsel was not within the' 'range of competence demanded of attorneys in criminal cases.'" *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267–69). The court in *Mahrt* clarified that this exception to the *Tollett* bar is not limited to incompetent advice from counsel and extends to instances in which "the action, or inaction, of counsel prevent[ed] petitioner from making an informed choice whether to plead." *Id*.

The respondents argue that Grounds 1(A-C) and Grounds 1(G-H) are barred by *Tollett*. In Ground 1(A), Perez claims that his trial counsel was ineffective by failing to file pre-trial motions for bail reduction. Absent from the claim is any suggestion that counsel's omission

7

impacted counsel's recommendation as to the plea or Perez's decision to plead. Thus, the claim falls within the *Tollett* bar. The same goes for Ground 1(B), in which Perez alleges that counsel was ineffective by not having him assessed by a psychologist, and Ground 1(H), in which Perez alleges that counsel was ineffective by waiving his right to preliminary hearing.

With the remaining grounds, Perez alleges that counsel was ineffective by failing to conduct an adequate pre-trial investigation (Ground 1(C)) and by failing to meet with him to develop a defense (Ground 1(G)). These alleged failures could have arguably prevented Perez "from making an informed choice whether to plead." *Mahrt*, 849 F.3d at 1170. *see also Hill v. Lockhart*, 474 U.S. 52, 59 ((1985) (recognizing that counsel's failure to investigate can prejudice defendant by impacting counsel's recommendation as to a guilty plea). While these claims may not be barred by *Tollett*, they are, as discussed above, procedurally defaulted.

## Conclusion

All of the claims in Perez's amended petition are either procedurally defaulted or barred under *Tollett*. Accordingly, Perez's cumulative error claim under Ground 1(I) must also be dismissed. Thus, it is not necessary for me to address the respondents' argument that Ground 1(I) is not cognizable on federal habeas review.

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 24] is GRANTED**. Perez's amended petition for writ of habeas corpus **[ECF No. 18] is DISMISSED**. The Clerk of Court is directed to enter judgment accordingly and close this case.

I FURTHER ORDER that a certificate of appealability is denied as jurists of reason would not find my decision to be debatable or incorrect.

/ / / /

/ / / /

I FURTHER ORDER that the respondents' motion for leave to file an exhibit under seal **[ECF No. 27] is GRANTED**.[3]

Dated: October 31, 2023

_____
U.S. District Judge Andrew P. Gordon

---

[3] Perez's safety and prison security are compelling reasons for me to restrict the public's access to the exhibit. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).